UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 25-CR-236

ALLEN BENDER,

Defendant.

---

# PLEA AGREEMENT

---

1. The United States of America, by its attorneys, Megan J. Thomas, Assistant United States Attorney for the Eastern District of Wisconsin, and the defendant, Allen Bender, individually and by attorney Gabriela Leija, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGE

2. The defendant has been charged in a one-count indictment. The indictment alleges a violation of Title 18, United States Code, Section 2252A(a)(5)(B).

3. The defendant has read and fully understands the charge contained in the indictment. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the indictment, which is set forth in full as follows:

**THE GRAND JURY CHARGES THAT:**

On or about October 28, 2025, in the State and Eastern District of Wisconsin and elsewhere,

**ALLEN BENDER**

knowingly possessed any matter that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a minor who had not attained the age of 12 years, and which had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce, and that was produced using materials that had been mailed, shipped, and transported by a means of interstate and foreign commerce, including by a computer. The child pornography possessed by the defendant included files identified by the following file names:

| | |
|---|---|
| Je…m4v | This file is a video that starts with the text, "Jenny 9yo All Clips." A prepubescent female is shown with her thighs tied to her ankles on both legs using a yellow rope. Her hands are also tied together. Throughout the video, various sexual acts are conducted on this female, including the oral penetration by an adult male's penis. At a point in the video, the prepubescent female is blindfolded. At another point in the video, the prepubescent female is orally penetrating herself with a dog's penis. |
| Qua…mp4 | This file is a video that shows one prepubescent male and three prepubescent females conducting sexual acts on one another, including oral penetration with the male's penis and the females rubbing the male's penis with their hands. All minors are approximately six to eight years old. |

The defendant has a prior final conviction relating to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor, in that he was convicted on or about June 25, 2014, in the Eastern District of Wisconsin for Possession of Child Pornography, Second Offense, in violation of Title 18, United States Code, Section 2252(a)(2).

All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

> Bender is a registered sex offender and is on federal supervision after a 2014 conviction for possession of child pornography. He was sentenced to 121 months in prison and began a term of supervised release in January 2022. On October 28, 2025, two USPO officers conducted an unscheduled visit to Bender's residence at 947 North 24th Street, Room Number 1, in Milwaukee, Wisconsin. During the October 28th visit, the USPOs confiscated a previously unknown USB drive on the smart TV entertainment center inside Bender's bedroom. Bender lives alone. When asked about the USB drive, Bender claimed it was given to him and he believed it to be broken, but stated he wanted to see what was inside. Upon returning to the office, one of the USPO officers manually reviewed the files on the USB drive, where he observed several images, including artificial intelligence generated images of naked prepubescent females between the ages of seven to 12 years old. A search warrant was obtained by the FBI for the USB drive, which was manufactured outside of the United States and therefore had travelled in interstate commerce prior to its possession in Wisconsin. The forensic review of the USB drive revealed approximately 14 videos of Child Sexual Abuse Material, which the defendant knowingly possessed. In these videos, children as young as 6-8 years old were depicted engaging in explicit sexual conduct, including the use of a dog, being blindfolded, and being bound by rope.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following penalties: a minimum mandatory sentence of 10 years' imprisonment and up to a maximum of 20 years' imprisonment. The count also carries at least 5 years of supervised release and a maximum of a lifetime on supervised release and a fine of up to $250,000.00. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of possession of child pornography as charged in the indictment, the government must prove each of the following propositions beyond a reasonable doubt:

> **First**, the defendant knowingly possessed or accessed with intent to view any visual depiction;
>
> **Second**, the visual depiction is child pornography;
>
> **Third**, the defendant knew that one or more of the persons depicted were under the age of eighteen years;
>
> **Fourth,** the material in the indictment has been mailed, shipped, or produced using materials that have been mailed, shipped or produced in or affecting interstate or foreign commerce; and

**Fifth**, for purposes of the enhanced penalty provisions, the defendant was previously convicted of an offense related to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The defendant acknowledges and agrees that his attorney has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

13. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within

any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

**Relevant Conduct**

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

**Base Offense Level**

15. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in the indictment is 18 under Sentencing Guidelines Manual § 2G2.2(a)(1).

**Specific Offense Characteristics**

16. The parties acknowledge and understand that the government will recommend to the sentencing court that a 2-level increase for a minor not having attained the age of 12 under Sentencing Guidelines Manual § 2G2.2(b)(2), a 4-level increase as the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence or sexual abuse or exploitation of an infant or toddler under Sentencing Guidelines Manual § 2G2.2(b)(4), a 2-level increase for the use of a computer under Sentencing Guidelines Manual § 2G2.2(b)(6), and a 5-level increase for possessing 600 or more images

of child pornography under Sentencing Guidelines Manual § 2G2.2(b)(7)(D), are all applicable to the offense level for the offense charged in the indictment.

**Acceptance of Responsibility**

17. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), and to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b), but only if the defendant exhibits conduct consistent with those provisions.

**Sentencing Recommendations**

18. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

19. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

20. The parties agree to jointly recommend that the court impose a term of imprisonment of 120 months for the instant offense. The parties further agree to recommend that the Court impose a sentence of 10 months imprisonment in case number 13-CR-128 (revocation matter), and recommend that the Court order that the sentence to run concurrently to the sentence imposed in this case.

**Court's Determinations at Sentencing**

21. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The

United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

22. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

23. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

24. The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, upon request of the FLP during any period of probation

or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLP and any documentation required by the form.

**Restitution**

25. The defendant agrees to pay restitution to any victim, including any victim directly or indirectly harmed by defendant's relevant conduct, in whatever amount the Court may order, pursuant to 18 U.S.C. § § 3663(a)(3), 3663A and 3771. Defendant agrees to pay full restitution comprising all proven losses caused by the offense of conviction and relevant conduct to the victims regardless of the counts of conviction. This includes all child sexual abuse material found on the defendant's electronic devices. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

**Forfeiture**

26. The defendant agrees that all properties listed in the indictment were used to facilitate the offense to which he is pleading guilty. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

## DEFENDANT'S WAIVER OF RIGHTS

27. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying on to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

28. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his

attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

29. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

30. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statutes or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statutes or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in

connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

31. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## **MISCELLANEOUS MATTERS**

32. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

33. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

34. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

35. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement. The defendant agrees that the victim of Count One retains her rights under the terms of this plea agreement, including the right to submit a victim impact statement and to address the court at sentencing.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

36. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. Alternatively, the government may, in its discretion, ask the Court to be released from specific obligations under this plea agreement to reflect the defendant's conduct. The defendant further acknowledges and understands that the government's

agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

37. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 8/16/2026

Allen Bender
ALLEN BENDER
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 8/28/26

GABRIELA LEIJA
Attorney for Defendant

For the United States of America:

Date: 8/28/26

Meg J. Thomas
MEGAN J. THOMAS
Assistant United States Attorney